UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| CHRISTOPHER J. POTTER | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:18-CV-148 CDP |
| | ) | |
| DEBBIE ECHELE, et al. | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of Christopher J. Potter, an inmate in St. Charles County Jail, for leave to commence this action without payment of the required filing fee. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $1.00. *See* 28 U.S.C. § 1915(b)(1). Furthermore, after reviewing the complaint, the Court will partially dismiss the complaint and will order the Clerk to issue process or cause process to be issued on the non-frivolous portions of the complaint.

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these

monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff has submitted a financial affidavit, stating he has been incarcerated for nearly two years and has no assets. He states the only money he receives is "a little money for commissary." The Court will require plaintiff to pay an initial partial filing fee of $1.00, an amount that is reasonable based upon the information the Court has about plaintiff's finances. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997).

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

## The Complaint

Plaintiff brings his complaint under 42 U.S.C. § 1983 against defendants Debbie Echele (Medical Director, St. Charles County Jail); Jessica Richard (Nurse, St. Charles County Jail); Theresa Martin (Nurse, St. Charles County Jail); Scott A. Lewis (Sheriff, St. Charles County);

St. Charles County; Jandi Unknown (Nurse, St. Charles County Jail); and Dr. Loynd (Contract Doctor, St. Charles County Jail).

The majority of plaintiff's statement of claim concerns the treatment of his stomach ulcers and acid reflux at the St. Charles County Jail from July 5, 2016 to February 8, 2017. Plaintiff states the nurses would only give him Zantac or Prilosec to control this condition. Plaintiff states that he constantly sought to be prescribed Prevacid for his condition, as this was the only medication that he knew to work. Also, plaintiff states his acid reflux was caused by spicy foods, and defendants refused to put him on a restricted bland diet.

Plaintiff states that he was prescribed Prevacid starting in February 2017, but defendants retaliated against plaintiff calling him a "crybaby" and stating he "whined too much." He states defendants would give him only one of his twice-daily prescribed doses of Prevacid, and would tell him that they "lost" his second dose. Plaintiff states he was forced to eat only foods that he could tolerate such as pudding, cookies, and fruit, and he began to lose weight and suffer headaches. At the end of December 2017, plaintiff was approved for a bland diet.

Plaintiff's second medical complaint relates to defendants' failure to treat what plaintiff believes is testicular cancer. On October 16, 2017, plaintiff had an appointment with Dr. Loynd to examine plaintiff's testicle, which plaintiff states was misshapen and swollen. Subsequently, plaintiff was referred to a specialist at St. Joseph's Hospital. Upon examination, the specialist said "the testicle was very firm, indicating a form of cancer," and he ordered a urinalysis and an ultrasound. On November 7, 2017, plaintiff was transported to St. Joseph's Hospital for an ultrasound.

When plaintiff sought the results of the ultrasound, he was sent to medical where Nurse Jandi "appeared to be very nervous and scared." She told plaintiff that he has a very serious problem with his testicle and that he needed to "wait until [he] get[s] out [of jail] to 'deal with it'

because the jail 'does not want to pay for such expensive medical treatments.'" When plaintiff asked if he had cancer, Nurse Jandi stated "I can't tell you that" and had the officers take plaintiff back to his unit.

Plaintiff continued to have extreme pain while urinating and stated that he began to pass blood in his stool. On January 24, 2018, plaintiff was seen by Dr. Loynd. Plaintiff states that Dr. Loynd said that plaintiff's enlarged testicle, bloody stool, and painful urination was not "a serious condition," contrary to what Nurse Jandi had said. Dr. Loynd said the procedure to cure the problem was elective, not an emergency. When plaintiff asked if he had cancer, Dr. Loynd "began sweating and looked very nervous and said, 'I can't tell you because Debbie [Echele, Medical Director, St. Charles County Jail] told me not to tell you because she doesn't want you to sue the jail . . . just wait until you get out to get it corrected.'"

Plaintiff states that defendants Debbie Echele, Dr. Loynd, and Nurse Jandi are withholding the results of his ultrasound from him, and failing to treat what he believes is cancer. On March 13, 2018, plaintiff filed a letter to the Court, stating that he had been seen by Dr. Loynd complaining of pain in his back and spine, trouble urinating, and vomiting. He states he was to have had a follow up appointment in March 2018 with the specialist regarding his testicle, but the appointment never occurred. Plaintiff states Dr. Loynd told him he would not have any further follow up visits regarding his enlarged testicle.

For relief, plaintiff seeks declaratory judgment, and monetary damages in excess of $6,500,000.00.

**Discussion**

Plaintiff seeks to bring the following claims: § 1983 claim for retaliation in violation of his First Amendment rights; § 1983 claim for denial of medical care in violation of his Eighth Amendment rights; civil conspiracy; medical malpractice; a claim under the Americans with

Disabilities Act ("ADA"); a "*Monell*" claim against St. Charles County for an alleged policy and custom of denying inmates medical treatment; and intentional infliction of emotional distress.

Having carefully reviewed and liberally construed plaintiff's allegations, the Court finds that plaintiff has stated plausible claims under § 1983 for violations of his First Amendment and Eighth Amendment rights, and a plausible Missouri state law claim for medical malpractice. The remainder of plaintiff's claims will be dismissed without prejudice for failure to state a claim or frivolity under § 1915(e)(2).

> A. <u>Defendant Scott A. Lewis, Sheriff of St. Charles County</u>

As an initial matter, although plaintiff has named as a defendant Scott A. Lewis, the Sheriff of St. Charles County, he has not alleged any factual allegations against Mr. Lewis. To state a claim under 42 U.S.C. § 1983, plaintiff must plead and prove that each defendant "personally violated plaintiff's constitutional rights." *Jackson v. Nixon*, 747 F.3d 537, 543 (8th Cir. 2014) (citing *Iqbal*, 556 U.S. at 676 (2009)). Because plaintiff's complaint lacks any factual allegations against Mr. Lewis, the Court will dismiss him from this action.

> B. <u>§ 1983 Claims for Violation of the First Amendment</u>

To succeed on his § 1983 retaliation claim, plaintiff must prove that he engaged in protected activity and that defendants, to retaliate for the protected activity, took adverse action against plaintiff that would chill a person of ordinary firmness from engaging in that activity. *See Revels v. Vincenz*, 382 F.3d 870, 876 (8th Cir. 2004), *cert. denied*, 546 U.S. 860 (2005).

Plaintiff alleges that in retaliation for filing medical grievances, defendants Debbie Echele, Jessica Richard, Theresa Martin, and Nurse Jandi called plaintiff a "crybaby" and stated he "whined too much." Although this might not chill a person of ordinary firmness from continuing to file grievances, plaintiff also alleges these defendants did not follow Dr. Loynd's orders and withheld plaintiff's prescribed medication. Dr. Loynd had ordered defendants to give

plaintiff Prevacid at morning and at night. Plaintiff states defendants would dispense only one dose of the medicine per day, and laughingly state they "lost" the second dose. Because defendants withheld plaintiff's prescribed Prevacid, plaintiff states that he asked to be removed from Prevacid and eventually stopped taking all of his medication. Liberally construed, the Court finds that plaintiff has stated a plausible claim under § 1983 for retaliation in violation of his First Amendment rights against defendants Echele, Richard, Martin, and Nurse Jandi.

    C.    <u>§ 1983 Claims for Violation of Eighth Amendment</u>

Plaintiff, as a pretrial detainee, has the right to be free of cruel and unusual punishment. Although "the Eighth Amendment has no application" until there has been a "formal adjudication of guilt," the Fourteenth Amendment gives state pretrial detainees rights that are at least as great as the Eighth Amendment protections available to a convicted prisoner. *See City of Revere v. Mass. Gen. Hosp.*, 463 U.S. 239, 244 (1983). To prevail on his Eighth Amendment claim, plaintiff must show that (1) he suffered from an objectively serious medical need and (2) defendant knew of, but deliberately disregarded, that need. *See Schaub v. VonWald*, 638 F.3d 905, 914 (8th Cir. 2011).

    *(1)    Defendants Prescribed Zantac and Prilosec Instead of Prevacid*

Plaintiff alleges violations of his Eighth Amendment rights arising from defendants' delay in prescribing him Prevacid for his stomach ulcers and reflux and delay in approving him for a bland diet. Throughout plaintiff's complaint, however, he states that defendants attempted to treat his stomach ulcers and reflux with Zantac and Prilosec. After these medications failed to control plaintiff's symptoms, he was eventually approved for Prevacid. Additionally, he was eventually approved for a bland diet after Zantac, Prilosec, and Prevacid failed to control his symptoms.

"A prison official exhibits deliberate indifference when the official actually knows of and disregards a prisoner's serious medical needs." *Long v. Nix*, 86 F.3d 761, 765 (8th Cir. 1996) (internal quotations omitted). The Eighth Amendment allows medical care providers to exercise their independent medical judgment. *Id.* "Prisoners do not have a constitutional right to any particular type of treatment. Prison officials do not violate the Eighth Amendment when, in the exercise of their professional judgment, they refuse to implement a prisoner's requested course of treatment." *Id.* (internal citation omitted).

Here, plaintiff disagrees with defendants' treatment of his stomach ulcers and reflux. He preferred Prevacid, as opposed to Zantac and Prilosec, and prison officials refused to give him Prevacid until after treating him with both Zantac and Prilosec. The Court finds that defendants' treatment of plaintiff's stomach ulcers and reflux does not rise to the level of an Eighth Amendment violation. Plaintiff has failed to show that prison officials were deliberately indifferent to his medical needs. Rather, plaintiff disagrees with defendants' judgment regarding his condition, and defendants' delay in implementing plaintiff's requested course of treatment. For this reason, the Court will dismiss plaintiff's allegations of Eighth Amendment violations arising from defendants' care and treatment of plaintiff's stomach ulcers and reflux.

*(2) Failure to Disclose Results of Ultrasound and Treat Abnormal Testicle*

Plaintiff states that in September 2017, Dr. Loynd diagnosed him with an abnormal testicle and referred him to a specialist at St. Joseph's Hospital. The specialist told plaintiff that the testicle was very firm, indicating a form of cancer. The specialist took a urine sample and ordered an ultrasound of the testicle. When plaintiff sought the results of his ultrasound, he alleges the results were withheld from him. He states Nurse Jandi and Dr. Loynd told him that he did not have a serious medical need and that he should seek treatment for his testicle when he was out of jail. When plaintiff asked Dr. Loynd if he had a form of cancer, Dr. Loynd said "I

can't tell you because Debbie [Echele, Medical Director, St. Charles County Jail] told me not to tell you because she doesn't want you to sue the jail." Plaintiff alleges his other symptoms were painful urination, blood in his stool, and vomiting, and these were not treated.

The Court finds plaintiff's allegations regarding defendants' failure to treat his enlarged testicle state a plausible claim for violation of his Eighth Amendment rights. The Court will order process to issue on defendants Debbie Echele, Nurse Jandi, and Dr. Loynd on this claim.

> D.     <u>Civil Conspiracy Claims</u>

Plaintiff brings a claim for civil conspiracy under Missouri state law and 42 U.S.C. § 1983. To plead a § 1983 claim for conspiracy, a plaintiff must allege:

> (1) that the defendant conspired with others to deprive him of constitutional rights; (2) that at least one of the alleged co-conspirators engaged in an overt act in furtherance of the conspiracy; and (3) that the overt act injured the plaintiff. The plaintiff is additionally required to [allege] a deprivation of a constitutional right or privilege in order to prevail on a § 1983 civil conspiracy claim.

*Burton v. St. Louis Bd. of Police Comm'rs*, 731 F.3d 784, 798 (8th Cir. 2013) (*quoting White v. McKinley*, 519 F.3d 806, 814 (8th Cir. 2008)). To demonstrate the existence of a conspiracy, a plaintiff must also allege a meeting of the minds among the conspirators "sufficient to support the conclusion that the defendants reached an agreement to deprive the plaintiff of constitutionally guaranteed rights." *Id.*

Here, plaintiff has failed to plead a meeting of the minds among the alleged conspirators. The complaint lacks any factual detail indicating that defendants conspired with each other or to deny plaintiff medical care. Without further facts implying that defendants agreed to deprive him of any constitutional rights, plaintiff fails to state a claim for civil conspiracy under 42 U.S.C. § 1983 and Missouri state law.

> E.     <u>Breach of Duty and Medical Negligence Claims Under Missouri Law</u>

Carefully reviewing and liberally construing plaintiff's complaint, the Court finds that plaintiff has stated a plausible claim of medical negligence against defendants Debbie Echele, Jessica Richard, Theresa Martin, Nurse Jandi [Unknown], and Dr. Loynd under Missouri law. To state a claim of medical negligence, also referred to as medical malpractice, plaintiff must allege the following three elements: (1) an act or omission of the defendant failed to meet the requisite medical standard of care; (2) the act or omission was performed negligently, and (3) the act or omission caused plaintiff's injury. *See Mueller v. Bauer*, 54 S.W.3d 652, 656 (Mo. Ct. App. 2001). Plaintiff alleges defendants Debbie Echele, Jessica Richard, Theresa Martin, and Nurse Jandi [Unknown] refused to provide him with doctor-ordered Prevacid in retaliation for plaintiff's making medical complaints. Plaintiff alleges Debbie Echele, Dr. Loynd, and Nurse Jandi have failed to disclose to plaintiff his diagnosis and have failed to treat plaintiff's enlarged testicle, painful urination, and bloody stool. The Court finds these allegations state a plausible claim of medical malpractice under Missouri state law.

F.  ADA Claims

Plaintiff alleges defendants Echele, Nurse Jandi, Martin, and Richard violated the ADA by "discriminating against plaintiff on the basis of his disability, *i.e.*, stomach ulcers, and possible cancer." Title II of the ADA applies to "public entities." 42 U.S.C. § 12132. Under 42 U.S.C. § 12131(1), "The term 'public entity' means . . . any State or local government [or] any department, agency, special purpose district, or other instrumentality of a State or States or local government." The term "does not include individuals." *Alsbrook v. City of Maumelle*, 184 F.3d 999, 1005 n.8 (8th Cir. 1999) (en banc). A private contractor does not become a "public entity" under Title II merely by contracting with a governmental entity to provide governmental services. *Green v. City of New York*, 465 F.3d 65, 79 (2nd Cir. 2006). As a result, Title II of the ADA does not impose liability on any of the individual defendants.

Furthermore, plaintiff has not stated a prima facie case of discrimination under the ADA because he does not allege he was excluded from any benefit due to discrimination based on his disability. *Randolph v. Rodgers*, 170 F.3d 850, 858 (8th Cir. 1999); *see* 42 U.S.C. § 12132. Plaintiff's allegations are conclusory and insufficient to state a plausible claim under the ADA, and the claim will be dismissed.

G.  "*Monell*" Claims

The complaint also fails to state an actionable *Monell* claim. Plaintiff states, in conclusory fashion, that county policies were responsible for the various constitutional harms he suffered. However, he alleges no facts describing any particular policy or its relationship to the underlying constitutional violation. Moreover, there are no non-conclusory allegations that St. Charles County adopted a clearly identified policy, custom or practice that caused plaintiff's injuries. Plaintiff's vague and conclusory allegations that his injuries were caused by some unidentified unconstitutional policies are insufficient to state an actionable *Monell* claim. *See Iqbal*, 556 U.S. at 678 ("[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice"); *Ulrich v. Pope County,* 715 F.3d 1054, 1061 (8th Cir. 2013) (affirming district court's dismissal of a *Monell* claim where the plaintiff "alleged no facts in his complaint that would demonstrate the existence of a policy or custom" that caused the alleged deprivation of the plaintiff's rights); *see also Spiller v. City of Texas City, Police Dept.*, 130 F.3d 162, 167 (5th Cir. 1997) (to plead an actionable *Monell* claim "[t]he description of a policy or custom and its relationship to the underlying constitutional violation . . . cannot be conclusory; it must contain specific facts"). For these reasons, the Court will dismiss plaintiff's "*Monell*" claim against defendant St. Charles County.

H.  Intentional Infliction of Emotional Distress Claims

Under Missouri law, the tort of intentional infliction of emotional distress has four elements: (1) the defendant must act intentionally or recklessly; (2) the defendant's conduct must be extreme and outrageous; and (3) the conduct must be the cause (4) of severe emotional distress. *See Polk v. Inroads/St. Louis, Inc.*, 951 S.W.2d 646, 648 (Mo. Ct. App. 1997). "Although case law does not provide us with a precise definition of extreme and outrageous, the test adopted by Missouri courts for actionable conduct is that the conduct must be so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Id.* (internal quotations omitted). Additionally, the conduct must be "intended *only* to causes extreme emotional distress to the victim." *See Gibson v. Brewer*, 952 S.W.2d 239, 249 (Mo. 1997) (emphasis added).

Here, plaintiff has not alleged, and the facts do not support, that defendants' sole purpose in their conduct was to cause emotional distress to plaintiff. Rather, plaintiff has alleged that defendants were motivated by a desire to keep medical costs low. Additionally, the Court does not find defendants' conduct so "outrageous in character" and "extreme in degree, as to go beyond all possible bounds of decency." For these reasons, the Court cannot find that plaintiff's allegations plausibly state a claim for intentional infliction of emotional distress under Missouri state law.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis is **GRANTED**. [ECF No. 2]

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $1.00 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his

prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall issue process or cause process to issue upon the complaint as to plaintiff's claims under 42 U.S.C. § 1983 alleging defendants Debbie Echele, Jessica Richard, Theresa Martin, and Nurse Jandi [Unknown] violated his First Amendment rights.

**IT IS FURTHER ORDERED** that the Clerk shall issue process or cause process to issue upon the complaint as to plaintiff's claims under 42 U.S.C. § 1983 alleging defendants Debbie Echele, Dr. Loynd, and Nurse Jandi [Unknown] violated his Eighth Amendment rights and committed medical negligence under Missouri state law.

**IT IS FURTHER ORDERED** that plaintiff's claims alleging civil conspiracy, violations of the Americans with Disabilities Act, "*Monell*" claim, and state law claim for intentional infliction of emotional distress are **DISMISSED without prejudice**.

**IT IS FURTHER ORDERED** that plaintiff's claims against defendant Scott A. Lewis and St. Charles County are **DISMISSED without prejudice**.

An Order of Partial Dismissal will accompany this Memorandum and Order.

Dated this 19th day of April, 2018.

                                                                               *Catherine D. Perry*
                                                                               CATHERINE D. PERRY
                                                                               UNITED STATES DISTRICT JUDGE