# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| CHRISTOPHER J. POTTER, | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 4:18-CV-148 CDP |
| DEBBIE ECHELE, et al. | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on various motions, including defendant Dr. Loynd's motion to dismiss plaintiff's complaint for failure to state a claim upon which relief can be granted. Plaintiff has filed an opposition to the motion, and defendant has replied. For the following reasons, defendant Dr. Loynd's motion to dismiss will be granted in part and denied in part.

## I. Background

Plaintiff brings this action under 42 U.S.C. § 1983 against several defendants, including Dr. Loynd, alleging Eighth Amendment violations for deliberate indifference to a serious medical need. Plaintiff, formerly an inmate at the St. Charles County Jail, alleges that Dr. Loynd examined plaintiff's testicle, which was painful, misshapen, and swollen. Dr. Loynd referred plaintiff to a specialist at St. Joseph's Hospital, who upon examination said "the testicle was very firm, indicating a form of cancer." The specialist ordered a urinalysis and an ultrasound. When plaintiff sought the results of the ultrasound, he said Dr. Loynd withheld the results from his and failed to treat what plaintiff believes is testicular cancer.

Plaintiff continued to have extreme pain while urinating and stated that he began to pass blood in his stool. On January 24, 2018, plaintiff was seen by Dr. Loynd. Plaintiff states that Dr. Loynd said that plaintiff's enlarged testicle, bloody stool, and painful urination was not a serious condition, contrary to what plaintiff had been told by a nurse. Dr. Loynd said the procedure to cure the problem was elective, not an emergency. When plaintiff asked if he had cancer, Dr. Loynd "began sweating and looked very nervous and said, 'I can't tell you because Debbie [Echele, Medical Director, St. Charles County Jail] told me not to tell you because she doesn't want you to sue the jail . . . just wait until you get out to get it corrected.'"

On March 13, 2018, plaintiff filed a letter with the Court, stating that he had been seen by Dr. Loynd complaining of pain in his back and spine, trouble urinating, and vomiting. He states he was to have had a follow up appointment in March 2018 with the specialist regarding his testicle, but the appointment never occurred. Plaintiff states Dr. Loynd told him he would not have any further follow up visits regarding his enlarged testicle.

On May 15, 2018, defendant Dr. Loynd filed a motion to dismiss. Defendant states plaintiff's complaint must be dismissed because (1) he has not established a serious medical need, and (2) he has not exhausted his administrative remedies. With respect to plaintiff's state law medical malpractice claims, defendant states plaintiff has not filed an expert's affidavit in support of these claims, and they must therefore be dismissed.

## II. Legal Standard

The purpose of a motion to dismiss for failure to state a claim is to test the legal sufficiency of the complaint. To survive a motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft*

*v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim for relief "must include sufficient factual information to provide the 'grounds' on which the claim rests, and to raise a right to relief above a speculative level." *Schaaf v. Residential Funding Corp.*, 517 F.3d 544, 549 (8th Cir. 2008) (citing *Twombly*, 550 U.S. at 555 & n.3). This obligation requires a plaintiff to plead "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. When considering a motion to dismiss, the Court accepts as true all of the factual allegations contained in the complaint, even if it appears that "actual proof of those facts is improbable," *id.* at 556, and reviews the complaint to determine whether its allegations show that the pleader is entitled to relief. *Id.* at 555–56; Fed. R. Civ. P. 8(a)(2). The principle that a court must accept as true all of the allegations contained in a complaint does not apply to legal conclusions, however. *Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice"). In addition, all reasonable inferences from the complaint must be drawn in favor of the nonmoving party. *Young v. City of St. Charles, Mo.*, 244 F.3d 623, 627 (8th Cir. 2001).

### III. Discussion

*Serious Medical Need*

Defendant Dr. Loynd states that plaintiff's complaint must be dismissed because he has not established that he had a serious medical need. On a motion to dismiss, the Court must view the allegations in the light most favorable to plaintiff. Plaintiff alleges he presented to Dr. Loynd with an enlarged and misshapen testicle, bloody stool, and painful urination. He alleges defendant Dr. Loynd is withholding the results of plaintiff's ultrasound because Dr. Loynd does

not want to treat plaintiff's condition. Plaintiff has been told that the jail does not want to pay for expensive medical treatments, and is withholding plaintiff's diagnosis from him.

The crux of plaintiff's claim is that he has a serious medical need, but that the St. Charles County Jail does not want to treat his serious medical need, and therefore Dr. Loynd is keeping plaintiff's diagnosis from him. Dr. Loynd is correct in stating that he has told plaintiff that he does not have a serious condition. Viewed in the light most favorable to plaintiff, however, this assurance from Dr. Loynd must be viewed as false and given to plaintiff to avoid the jail's liability for treatment.

Accepting as true all plaintiff's allegations and drawing all reasonable inferences in his favor, the Court finds that plaintiff has stated a plausible claim for deliberate indifference to a serious medical need. The Court will deny defendant Dr. Loynd's motion to dismiss.

*Failure To Plead Exhaustion*

Next, defendant Loynd states that this action should be dismissed under Rule 12(b)(6) because plaintiff has not alleged that he had exhausted his administrative remedies. In response, plaintiff states that he exhausted his administrative remedies by filing "many number of medical grievances, which is the only remedy that I know of at the St. Charles County Jail." Defendant has produced no evidence otherwise.

Because plaintiff was incarcerated and no discovery has taken place, the Court declines to dismiss this action for failure to exhaust administrative remedies. The Court accepts as true plaintiff's assertion that he exhausted the prison grievance procedures available to him at St. Charles County Jail prior to filing this action. For this reason, defendant's motion to dismiss for failure to exhaust administrative remedies will be denied.

*Missouri State Law Medical Malpractice Claims*

Missouri Revised Statute § 538.225 states:

> In any action against a health care provider for damages for personal injury or death on account of the rendering of or failure to render health care services, the plaintiff . . . shall file an affidavit with the court stating that he or she has obtained the written opinion of a legally qualified health care provider which states that the defendant health care provider failed to use such care as a reasonably prudent and careful health care provider would have under similar circumstances and that such failure . . . directly caused or directly contributed to cause the damages claimed in the petition.
>
> . . .
>
> Such affidavit shall be filed no later than ninety days after the filing of the petition. . . .
>
> If the plaintiff or his attorney fails to file such affidavit the court shall, upon motion of any party, dismiss the action against such moving party without prejudice.

Plaintiff has not filed a health care affidavit, and ninety days has passed since the filing of his suit. The Court will grant defendant's motion to dismiss plaintiff's state law medical malpractice claims. Under § 538.225, this dismissal is without prejudice.

*Motion for Appointment of Counsel*

Plaintiff has filed a motion for appointment of counsel. There is no constitutional or statutory right to appointed counsel in civil cases. *Nelson v. Redfield Lithograph Printing*, 728 F.2d 1003, 1004 (8th Cir. 1984). In determining whether to appoint counsel, the Court considers several factors, including (1) whether the plaintiff has presented non-frivolous allegations supporting his or her prayer for relief; (2) whether the plaintiff will substantially benefit from the appointment of counsel; (3) whether there is a need to further investigate and present the facts related to the plaintiff's allegations; and (4) whether the factual and legal issues presented by the

action are complex. *See Johnson v. Williams*, 788 F.2d 1319, 1322-23 (8th Cir. 1986); *Nelson*, 728 F.2d at 1005.

After considering these factors, the Court finds that the facts and legal issues involved are not so complicated that the appointment of counsel is warranted at this time. The Court will deny plaintiff's motion for appointment of counsel without prejudice to filing at a later date.

*Motion to Subpoena Medical Inquiries*

Finally, the Court will deny plaintiff's motion to subpoena medical inquiries. The motion is premature because the Court has not authorized discovery. *See* E.D. Mo. L.R. 5.01, 5.04 (discovery in prisoner cases may not take place until Court enters a case management order). The Court will issue a separate case management order that will set out the schedule and deadlines for discovery.

*Identification of Defendant Jandi Cox*

On May 10, 2018, defendant Jandi Cox filed her answer and affirmative defenses to plaintiff's complaint. Plaintiff's complaint had identified defendant Jandi Cox only as "Jandi Unknown." The Court will order the Clerk of Court to substitute Jandi Cox for Jandi Unknown on the docket sheet.

Accordingly,

**IT IS HEREBY ORDERED** that defendant Dr. Loynd's motion to dismiss is **GRANTED in part** and **DENIED in part**. The motion is granted as to plaintiff's medical malpractice claims brought under Missouri state law, and denied in all other respects. [ECF No. 21]

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel is **DENIED without prejudice**. [ECF No. 23]

**IT IS FURTHER ORDERED** that plaintiff's motion to subpoena medical inquiries is **DENIED**. [ECF No. 24]

**IT IS FURTHER ORDERED** that plaintiff's motion requesting a personal recognizance bond because of medical issues is **DENIED as moot** as plaintiff has been released from St. Charles County Jail. [ECF No. 24].

**IT IS FURTHER ORDERED** that the Clerk of Court shall substitute Jandi Cox for defendant Jandi Unknown on the docket sheet.

An order of partial dismissal will accompany this memorandum and order.

The Court is also entering a separate Case Management Order today.

Dated this 14th day of August, 2018.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE