UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| CHRISTOPHER J. POTTER, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 4:18 CV 148 CDP |
| | ) | |
| DEBBIE ECHELE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

Defendants move to dismiss this lawsuit for plaintiff's failure to follow discovery related orders and provide initial disclosures.[1] In accordance with Fed. R. Civ. P. 41(b), I will grant the motions to dismiss with prejudice because of plaintiff's repeated failure to comply with Court orders and prosecute discovery in this case.

Plaintiff brought this lawsuit under 42 U.S.C. § 1983 against several defendants alleging Eighth Amendment violations for deliberate indifference to a serious medical need. Plaintiff, formerly an inmate at the St. Charles County Jail, claims that the defendants withheld medical test results and that they failed to treat what the plaintiff believes is testicular cancer. After partially granting defendants'

---

[1] Defendants are represented by separate counsel and have filed separate motions to dismiss. I will group the defendants together because they seek the same relief under Fed. R. Civ. P. 41(b).

motion to dismiss, I entered a Case Management Order that included a deadline to exchange initial disclosures no later than September 10, 2018. [ECF #31]. After plaintiff missed this deadline, defendants filed a motion seeking plaintiff's compliance with the Case Management Order and that he provide the initial disclosures. [ECF #35]. I granted this motion and ordered plaintiff to provide the initial disclosures no later than November 8, 2018, or face dismissal of this action. [ECF #39]. On November 8, 2018, plaintiff requested an extension to serve the initial disclosures, and I granted his request, moving the deadline to December 10, 2018. I cautioned him that no further extensions would be granted. [ECF #41]. After plaintiff failed to comply with the Order by the extended deadline, defendants filed the pending motions to dismiss. Plaintiff has failed to respond to these motions and they are ripe for ruling.

"An action may be dismissed pursuant to Rule 41(b) if a plaintiff has failed to comply with any order of the court." *Aziz v. Wright*, 34 F.3d 587, 589 (8th Cir. 1994). Under Rule 41(b), the focus is primarily on the plaintiff's conduct, "and only to a lesser extent on the prejudice to the defendant or the administration of justice in the district court." *See Burgett v. Gen. Store No Two Inc.*, 727 F. App'x 898, 900 (8th Cir. 2018). Dismissal is warranted when a plaintiff consistently refuses to participate in the discovery process and forces defendants to seek

assistance from the district court. *Hutchins v. A.G. Edwards & Sons, Inc.*, 116 F.3d 1256, 1260 (8th Cir. 1997).

Here, plaintiff has failed to comply with three orders requiring that he serve initial disclosures, even after he was given two additional extensions of time to do so. Because of plaintiff's noncompliance, defendants have been forced to seek assistance from the Court. Plaintiff's repeated failures to comply justifies the extreme sanction of dismissal with prejudice. Moreover, it appears that plaintiff has resisted any attempt to engage in discovery regarding nonmedical information. [ECF #37]. Dismissal with prejudice is the appropriate sanction in this situation. *Burgett,* 727 F. App'x at 901 (plaintiff's noncompliance with four discovery orders justified dismissal of the case); *see also Brown v. Frey*, 806 F.2d 801, 803 (8th Cir. 1986) (dismissal not justified for violating a single court order).

Although plaintiff is pro se, a pro se party is bound by the discovery rules as is an attorney, especially when fulfilling the simple requirements of completing initial disclosures. *Lindstedt v. City of Granby*, 238 F.3d 933, 937 (8th Cir. 2000); *see also Carman v. Treat*, 7 F.3d 1379, 1381 (8th Cir. 1993) (pro se status "does not entitle a party to disregard the Federal Rules of Civil Procedure."). Therefore, I will grant defendants' motions and dismiss this case with prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that defendants' Motions to Dismiss [42 and 43] are granted and this lawsuit is dismissed with prejudice.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 21st day of December, 2018.